# ALBERT S. STEVENS

*v.*

# RAMON FERNANDEZ NATER ET AL.

San Juan, Law, No. 550.

FALSE IMPRISONMENT.

1. When a police officer arrests a man without undue violence, and, without assaulting him, brings him, within a reasonable time, before a magistrate, and the arrested man is convicted, that is prima facie evidence of the fact that his arrest was rightfully made; and, in a suit for false imprisonment, that presumption can only be overcome by evidence of conspiracy to bring about the conviction.

2. "False imprisonment" defined.

3. Punitive damages may be recovered in cases of false imprisonment.

Case tried May 12, 1908.

*Joseph Anderson, Jr.,* attorney for plaintiff.

*H. M. Hoyt,* Attorney General of Porto Rico, for defendants.

Instructions by RODEY, Judge:

## Statement.

Facts: The evidence and the inferences to be gathered from it tended to prove a situation somewhat as follows: The plain-

Stevens v. Nater.

tiff kept a restaurant and saloon in the city of San Juan, and was suspected by the police of conducting gambling, contrary to law, in connection with the same. The police of the city became annoyed at what they considered his persistence in violating the law against gaming, as they believed, and endeavored in many ways to keep a strict watch on his resort, and finally picketed his place by keeping one or more policemen in the streets, watching it almost continuously, thus deterring people from going there. It would appear as if, perhaps in a spirit of retaliatory annoyance, the plaintiff and some of his friends one night started to follow and watch the policemen against whom he had particular hatred, and it was claimed that they continued to do so with such persistence in following a few feet behind the officers all over town, from street to street and place to place, for many hours, until an early hour in the morning, as that the officers finally turned upon him and his companions,. and, perhaps without much ceremony, assaulted them and certainly arrested, prosecuted, and convicted them, from which they appealed. This independent suit for damages in one of the results. Additional facts may be gathered from the instructions.

RODEY, J., omitting some of the formal parts, gave the following instructions to the jury:

This is a civil suit by Albert S. Stevens, the plaintiff, against Ramon Fernandez Nater and N. Padilla, as defendants. It is an action for damages for personal injuries consisting of false imprisonment, assault and battery of the plaintiff, and damage to his character; and the amount claimed by the plaintiff is the sum of $2,000. The amount which the plaintiff thus claims

.as damages is a limit beyond which you cannot go in your verdict, but the fact that the plaintiff claims that amount does not oblige you to give it to him unless you believe, from a preponderance of the evidence, under these instructions of the court, that he is entitled to it; and instead, if you thus believe him to be entitled to damages, you can award him any sum from $1 up to that amount. The defendants deny that they assaulted the plaintiff, but allege that he assaulted them, and that they but defended themselves, and then, as peace officers of the city of San Juan, arrested the plaintiff and duly prosecuted and convicted him.

You are instructed that personal liberty is the most sacred right belonging to the people of the American nation, and no person has a right to deprive another of it, save under due process of law. Policemen and citizens in the streets personally have exactly equal rights; neither can unlawfully interfere with the liberty of the other. When a police officer arrests a citizen without using undue force or assaulting him, and, within a reasonable time thereafter, brings him before the proper magistrate, and makes a complaint against him, and the defendant is convicted, such conviction is prima facie evidence of the fact that he was rightfully arrested by the officer, and this presumption can be overcome only by evidence that the conviction was in fact secured by a conspiracy among the witnesses, or between the prosecution and the witnesses, or the prosecution and the court that tried the case, or between all of such parties.

Therefore, if you believe, from a preponderance of the evidence, that this plaintiff was arrested by these defendants, they not assaulting him or using undue force about the arrest, and was convicted before the municipal court of San Juan without

Stevens v. Nater.

any conspiracy between the defendants and any person to secure such conviction by false testimony, then the plaintiff has no cause of action here, because such conviction justifies the arrest, and you should, in such case, find for the defendants.

You must remember that this is not a criminal suit, but a civil suit, where a mere preponderance of the evidence on either side justifies you in finding one way or the other. You are not here to convict anybody of anything; your duty is to find the facts to determine whether or not this plaintiff is entitled to damages under these instructions and the evidence in the case.

You are further instructed that every person who, without authority of law, deprives another of his liberty, no matter for how short a period, by arresting or arresting and imprisoning him, is liable in damages to the person whom he thus arrests, the amount of such damages being for the jury. No officer, without a warrant, has a right to arrest any citizen, much less to assault him, when such citizen is committing no breach of the peace and doing no wrong; neither can any citizen, when acting rightfully, be justly arrested without a warrant by any officer, and can only be arrested by such officer without a warrant when the citizen is committing some overt act against the law, in sight of the officer.

There are few instances where an officer, or even a private citizen, is justified in arresting another citizen without a warrant, and when such citizen is, at the time, committing no crime, when a grave felony has been committed, and there is good probable cause to believe that the person arrested without a warrant has committed it; but, in every such case, the person who thus arrests another without a warrant takes the risk of paying damages for false imprisonment, if it shall turn out that no probable cause in fact existed for the arrest.

IV. PORTO RICO—11.

Stevens v. Nater.

If you believe,. from a preponderance of the evidence in this case, that this plaintiff and others were intentionally and wilfully following the defendant police officers at the hour ,and on the night in question, all over the city of San Juan, as testified to, then the court instructs you that such act was an impertinence and an annoyance which the officers, as peace officers, had a perfect right to look into and stop; and if, in stopping it, they were, without fault of their own, because of the action of the plaintiff and his companions, forced to arrest the plaintiff and his companions, the court instructs you that it was justified, and the plaintiff cannot recover here.

If, on the other hand, you believe, from a preponderance of the evidence, that the plaintiff and his companions were peaceably minding their own business, and only casually happened to follow the defendants, no matter what the hour of the night or day was, and were not intentionally following the officers, or in any manner disturbing the peace or annoying the peace officers, then you are instructed that the fact that they were walking around the streets at such an hour, of itself, was no justification for interference with them, or for their arrest without a warrant by the defendants, and the defendants had no right to assault them or interfere with them.

You are further instructed that, if you believe, from a preponderance of the evidence, that the plaintiff and his companions were going about their own business in the streets of San Juan at the time testified to, and were not, in any manner, disturbing the peace, and did not begin an assault upon the defendant officers without proper cause, as here defined, and that the defendants, without any cause, interfered with them and arrested and assaulted them, and put plaintiff and his companions

Stevens v. Nater.

in prison, and thereafter secured their conviction by defendants' own or other false testimony, before the municipal court, then the defendants are clearly liable in damages, and not only the actual damages, but also for punitive damages; and the court instructs you that if you, from a preponderance of the evidence, should find this to be the case, and believe the facts as herein last defined, then it is your duty to inflict not only ordinary damages, but also punitive or "smart-money" damages within the limit claimed, against these defendants, because their action would, in such case, be doubly offensive, in that it is their duty, as officers of the law, to maintain the peace, in which all good citizens should uphold them, and preserve the liberty of citizens, instead of breaking the peace and depriving citizens of their liberty.

In this behalf, you are instructed that a police officer, on the one hand, owes a grave duty to the public, and, as stated, all good citizens and jurors should support him in it; and that is to be vigilant to preserve the peace and to see that no murders, burglaries, assaults, disturbing of the peace, or other crimes are committed; and, on the other hand, he should, by his own dignified conduct in maintaining the peace and dignity of the law, set an example to the people and the community where he is thus performing his duties, and he has no right to set up his own prejudices or ideas and claimed authority against the rights or liberties of any peaceable and law-abiding citizen, because he, neither as a policeman nor as an individual, has any such superior right. The parties are entitled to exactly equal rights here, without regard to their office, race, business, or influence.

The court desires you, in this case, to throw out of your

Stevens v. Nater.

minds all question about the police force as such, and this plaintiff and his companions as gamblers, and their respective hatreds of each other, if you believe, from a preponderance of the evidence, that the plaintiff is a gambler, because such facts can cut no figure here, this being a mere civil suit to recover damages; and no matter what the business or calling of the plaintiff may have been, his rights as a citizen in the streets of San Juan are equal to those of any other citizen, and no policeman or other person can illegally abridge them. He is not being sued here for being a gambler, but he himself is suing to recover damages for injuries alleged to have been done to himself; and that is the issue and the principal issue before you, as to whether he has in fact sustained such damage.

The question of how large or how small the damages shall be is for you, on the evidence, to say. Throw out of your minds all prejudice, if you have any. Never mind what this plaintiff or his friends, or these defendants or their friends, or any other person, may think of your verdict. You, and not they, are under oath to find the verdict. It would be a contempt of court for anyone to hereafter question you or try to call you to account for any verdict you may render in the cause. Render a fearless, true, courageous verdict on the evidence and these instructions. That is your duty.

You are the sole judges of the weight of the evidence and of the credibility of the witnesses. If you believe that any of them have wilfully sworn falsely, you may disregard the whole or any part of such witnesses' testimony, as you may believe it to be true or false. In judging of the credibility to be given to the evidence of any witness, you may consider his manner on the stand, his chances of knowing what he is testifying to, his

general intelligence, his age, and his interest, if any, in the cause or the results of the same.

But two forms of verdict will be given you, because you can return but one or the other of them. One will read: We, the jury, find for the plaintiff, and assess his damages at the sum of $———. And the other will read: We, the jury, find for the defendants.

When you have arrived at a verdict, you will cause the same to be properly filled out and signed by one of your number as foreman, and all of you will return it into court. You may take the pleadings in the case and all exhibits that have been introduced with you to your deliberating room. The cause is with you.

The verdict was for the defendants.